IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| United States, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 16 C 7842 |
| | ) | |
| Harrington Gibson, | ) | |
| Defendant | ) | |

Memorandum Opion and Order

Harrington Gibson, who on July 2, 2013, pleaded guilty to a charge of distributing 280 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He argues that Amendment 794 to the Sentencing Guidelines, which amended § 3B1.2 of the Guidelines, entitles him to a "minor role" sentence reduction. I deny the motion for the following reasons.

Gibson was sentenced on December 23, 2013, almost two years before Amendment 794 was issued on November 1, 2015. While it is true that in *U.S. v. Quintero-Leyva*, the Ninth Circuit held that Amendment 794 "applies retroactively to direct appeals," 823 F.3d 519, 523 (9th Cir. 2016), courts in this district and elsewhere have uniformly held that it not retroactive on

collateral review. *See, e.g., United States v. Ozuna*, No. 16 C 9822, 2017 WL 622423 (N.D. Ill. Feb. 15, 2017) (Darrah, J.); *Lindsey v. United States*, No. 16 C 878, 2017 WL 283384 (S.D. Ill. Jan. 23, 2017) (Gilbert, J.); *Donahue v. United States*, No. 16 C 1319, 2016 WL 6833919 (C.D. Ill. Nov. 18, 2016) (Shadid, CJ.); *Johnson v. United States*, No. 16 C 528, 2016 WL 6084018 (S.D. Ohio, Oct. 17, 2016) (collecting cases). As the government points out, and as many of the foregoing cases noted, Amendment 794 is not listed among the retroactive amendments in U.S.S.G. § 1B1.10(d). Defendant has offered no reason to depart from these authorities.

The government also responds that even if Amendment 794 were retroactive, 18 U.S.C. § 3582, not § 2255, is the appropriate avenue for the relief defendant seeks. The government goes on to argue that a motion under § 3582 would fail because defendant was originally sentenced to 56 months' imprisonment, which is below the 57-71 month adjusted range that would apply if he received the maximum possible adjustment under § 3B1.2. Defendant has filed no reply responding to the government's argument.

For the foregoing reasons, defendant's § 2255 motion is denied, and I decline to issue a certificate of appealability.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 21, 2017